Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1623 | **DATE** | 11-24-10 |
| **CASE TITLE** | Tyrone Carr (R-62406) v. City of Chicago Police Department | | |

**DOCKET ENTRY TEXT:**

Plaintiff, having received unedited versions of his arrest reports, is given thirty days from the date of this order to submit an amended complaint in accordance with this order. His failure to do so will result in dismissal of this case without prejudice.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Tyrone Carr (Pinckneyville inmate #R-62406) initiated this 42 U.S.C. § 1983 suit in March 2009. Naming the Chicago Police Department as defendant, he asserted that he was falsely arrested on November 27, 2007, and was wrongfully imprisoned until March 2008, when he was acquitted. His current incarceration appears to be for a different offense. Because the police department is not a suable entity, the court dismissed the complaint without prejudice to Plaintiff submitting another complaint naming as defendants either the individual officers that were involved or, if their identities were unknown, a supervisory official for the purpose of identifying them. In June 2009, Plaintiff filed an amended complaint, which named Chicago Police Superintendent Jody Weis. (R. 9.) Plaintiff indicated that he could not name the individual officers because the records he received about his arrest had the officers' names blacked out. (*Id.* at 7-10) (a copy of the arrest report has the names of officers blacked out). In July 2009, Plaintiff was allowed to proceed with his amended complaint (his second amended complaint), and the court directed him to forward discovery requests to the attorney for Weis once an attorney entered an appearance.

Summons for service on Weis was executed on November 6, 2009; however, an attorney did not enter an appearance until March 24, 2010. At that time, Weis filed a motion to dismiss, which the court denied upon determining that Weis had to be kept as a defendant in order to identify the arresting officers.

Currently, the parties have submitted status reports to inform the court whether the names of the arresting officers have been provided. Defendant Weis states that, in July 2010, he provided Plaintiff with copies of his arrest report, which lists the names of the arresting officers. The names are not blacked out.

Plaintiff has not submitted an amended complaint naming the individual officers. Although the false arrest and imprisonment claims are more than two years old, there are questions whether another amended complaint would relate back in this case and whether equitable tolling would apply, given Plaintiff's efforts to obtain the officers' names and the delay of several months with an attorney entering an appearance for Weis. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 557-58 (7th Cir. 1996) (naming a police department as opposed to an individual officer has been considered a mistake to allow relation back under Fed. R. Civ. P. 15(a); also, equitable tolling applies to the limitations period for an Illinois false-arrest claim and a *pro se* inmate's efforts to identify defendants' names may be sufficient grounds for tolling); *but see King v. One Unknown*
**(CONTINUED)**

isk

## STATEMENT (continued)

*Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (Rule 15(a) relation back of an amended complaint adding a defendant is allowed only when there was a mistake with the defendant's name and not when the plaintiff simply did not know the defendant's identity);

However, before determining the timeliness of another amended complaint identifying the real persons of interest, the court must have such a complaint before it. Accordingly, Plaintiff having received unedited copies of his arrest report that do not black out officers' names, he is given 30 days from the date of this order to submit another amended complaint identifying the persons who are the subject of his claims stemming from the November 27, 2007, arrest and subsequent imprisonment. He should provide the defendants' names and state how they were personally involved.

Plaintiff is again advised that an amended complaint supersedes and replaces prior complaints and must stand complete on its own. If the court accepts another amended complaint, it will not refer to other complaints and will look only to the most recent complaint. Plaintiff must thus include in the most current complaint all the claims he seeks to raise and include all the parties he seeks to name as defendants.

Plaintiff is also advised that his failure to submit another amended complaint in accordance with this order may be construed as his desire not to proceed with this case and will result in dismissal of this case.