IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE CARR (#R-62406), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09 C 1623 |
| ) | |
| ) | Judge Charles R. Norgle |
| CITY OF CHICAGO POLICE DEP'T., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tyrone Carr, an inmate at Logan Correctional Center, filed this 42 U.S.C. § 1983 action, asserting that he was falsely arrested and wrongly prosecuted for possession of heroin. According to Plaintiff, on November 27, 2007, two Chicago police officers conducted an illegal search and falsely arrested him. Plaintiff states that he was confined in jail for four months until March 18, 2008, when he was acquitted following a bench trial. Currently before the Court is Defendants', Chicago Police Officers David Zelid and Daniel Freeman, motion to dismiss Plaintiff's Second Amended Complaint as time-barred. For the following reasons, the Court grants the motion and dismisses this case.

## PROCEDURAL BACKGROUND

Plaintiff initiated this suit in March 2009. His first two complaints named as Defendants the Chicago Police Department and the Fourteenth District Lock Up, which are nonsuable entities. (R. 1, 5); *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001). The Court dismissed the complaints and instructed Plaintiff that he should name as Defendants the arresting officers and that,

if he did not know their names, he should name a supervisory official in order to conduct discovery to learn their names. (R. 4, 8.) Plaintiff filed another complaint (his First Amended Complaint) that followed the Court's instruction and named Chicago Police Superintendent Jody Weis as Defendant. (R. 9.) On July 28, 2009, the Court allowed the First Amended Complaint to proceed and directed Plaintiff to conduct discovery once an attorney appeared for Weis to learn the names of the arresting officers. The Court warned that Plaintiff's failure to attempt to learn the individual officers' identities within 90 days after an appearance by an attorney for Weis could result in a dismissal, and further advised that there is a two-year limitations period for false arrest claims in Illinois such that Plaintiff had to name the officers personally involved in his arrest within the limitations period. (R. 10.)

Weis was not served until November 3, 2009. (R. 14.) An attorney did not enter an appearance until March 24, 2010. (R. 17.) On April 19, 2010, Weis filed a motion to dismiss, which the Court denied but directed Plaintiff to demonstrate what efforts he had made to discover the names of the officers. (R. 19, 24.) Plaintiff responded with a motion to compel discovery filed in June 2010, which sought the report of his arrest and the names of the arresting officers. (R. 25.) The Court granted this motion. (R. 28.) In July 2010, Defendant Weis provided Plaintiff with arrest records that contained the names of the arresting officers, Officers David Zelid and Daniel Freeman. (*See* R. 32, Exh. A.) On December 27, 2010, Plaintiff filed a Second Amended Complaint, naming Zelid and Freeman as Defendants. (R. 38.) Zelid and Freeman then filed the motion currently pending before this Court, seeking dismissal of the claims against them as untimely. (R. 44.)

## STANDARD OF REVIEW

When addressing a motion to dismiss, this Court must determine whether a complaint satisfies the notice pleading requirement of Fed. R. Civ. P. 8, which requires a plaintiff to provide notice to a

defendnant of the claim being asserted and the grounds upon which the claim is based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The notice-pleading requirement further requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. When addressing the plausibility of Plaintiff's complaint, this Court accepts as true all well pleaded facts therein and draws all reasonable inferences in his favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009).

## STATUTE OF LIMITATIONS

"While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)); *see also Gonzalez v. Quezada*, No. 10 C 458, 2011 WL 613553, *1 (N.D. Ill. Feb. 9, 2011) (Norgle, J.). Plaintiff's Second Amended Complaint and the pleadings of this case provide everything necessary to address the time-bar issue.

Plaintiff's Second Amended Complaint alleges the following: Officers Zelid and Freeman conducted an illegal search and arrested Plaintiff without probable cause on November 27, 2007. (R. 38, Second Amended Compl. at 1-2.) He was charged with felony possession with intent to deliver heroin, was detained for four months until his trial, and was acquitted on March 18, 2008, following a bench trial. (*Id.*) Liberally reading his complaint, Plaintiff asserts claims of an illegal search, false arrest, false imprisonment, and malicious prosecution. (*Id.* at 1-2.)

Section 1983 does not itself have a statute of limitations period, and federal courts look to the limitations period and tolling provisions of the state in which the claim arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kelly v. City of Chi.*, 4 F.3d 509, 510 (7th Cir. 1993). The limitations period for claims of false arrest, false imprisonment, and illegal search in Illinois is two year. *See* 735 ILCS 5/13-202; *see also Brooks*, 564 F.3d at 832. While the state's limitations period and tolling rules are used, the accrual date of federal § 1983 claims is governed by federal law. *Savory v. Lyons* 469 F.3d 667, 672 (7th Cir. 2006). Section 1983 claims accrue, and the limitations period begins, at the time when the constitutional tort that is the subject of the claim ends and when the facts giving rise to the claim were known or should have been known by the plaintiff. *See id.*

Plaintiff's claim of an illegal search accrued at the time of the search. *See Boyd v. Mack*, No. 09 C 2629, 2009 WL 3320453, *2 (N.D. Ill. Oct. 9, 2009) (Gottschall, J.). Similarly, his claim of false arrest accrued at the time of the arrest. *Wallace*, 549 U.S. at 388-89. His false imprisonment claim, which involves being held without legal process, accrued once he became held by legal process, such as an arraignment or similar judicial proceeding. *Id.* at 389-91; *see also Wiley v. City of Chicago*, 361 F.3d 994, 998 (7th Cir. 2004). Once a person is held following an arraignment or similar proceeding, his claim becomes one of malicious prosecution. *Wallace*, 549 U.S. at 389-90.

Plaintiff's malicious prosecution claim, which is not a § 1983 claim, but rather, a state-law claim, is allowed by the Illinois Tort Immunity Act, which establishes a one-year limitations period for such claims. *See* 745 ILCS 10/8-101. A malicious prosecution claim accrues on the date that the case was terminated in the plaintiff's favor. *See Ferguson v. City of Chicago*, 213 Ill.2d 94, 820 N.E.2d 455, 459 (Ill. 2004); *Shelton v. Wright*, No. 09 C 6413, 2011 WL 856811, *3 (N.D. Ill. March 9, 2011) (Dow, J.); *see also Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

Accordingly, Plaintiff's false arrest and illegal search claims are governed by a two-year limitations period, which began on November 27, 2007. His false imprisonment claim, which is also governed by a two-year limitations period, began shortly thereafter when he was arraigned or otherwise held pursuant to legal process. Plaintiff's state-law claim of malicious prosecution is governed by a one-year limitations period and began on March 18, 2008, when he was acquitted.

Plaintiff initiated this action sometime in March 2009. He signed his complaint on March 1, 2009, and this Court received it on March 16, 2009. (*See* Complaint.) At that time, a little over eight months remained on the limitations period for his false arrest, false imprisonment, and illegal search claims, and less than a month remained for his malicious prosecution claim. In that complaint, however, he named only the "Chicago Police Department 15th District Lockup" as a Defendant. (Complaint.) Plaintiff did not name the individual officers David Zelid and Daniel Freeman until December 2010. (*See* R. 38, Second Amended Compl.)

Under Fed. R. Civ. P. 15(c)(3), an amended complaint naming new parties relates back only where "there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (quoting *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)). Rule 15(c)(3) does not provide for relation back where the plaintiff does not know the identity of the party when he initiates his suit. *King*, 201 F.3d at 914 ("We have consistently held that Rule 15(c)(3) does not provide for relation back under circumstances, such as here, in which the plaintiff fails to identity the proper party"); *Baskin*, 138 F.3d at 704-05 ("a simple lack of knowledge of the identity of the proper party" is insufficient to allow for relation back).

This Court notes that the Seventh Circuit in *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548 (7th Cir. 1996), held that the naming of the Cook County Sheriff's Department then later naming the individual officers constituted a mistake under Rule 15(c)(3). The *Donald* Court characterized the initial complaint as a "legal mistake concerning whether to sue an institutional or individual defendant." *Id.* at 557. Such a characterization, however, cannot apply in this case.

In *Donald*, the Sheriff's Department was served and an attorney entered an appearance on its behalf. Plaintiff's complaint named as Defendants, "the City of Chicago Police Department" and/or the "15th District Lock Up," (Complaint), which this Court has consistently held are nonsuable entities. *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001) (citing *Jordan v. City of Chicago, Department of Police*, 505 F. Supp. 1 (N.D. Ill. 1980): *Ellis v. City of Chicago*, 478 F. Supp. 333 (N.D. Ill. 1979)); *Bonilla v. City Council of City of Chicago*, 809 F. Supp. 590 (N.D. Ill. 1992)). This Court cannot consider Plaintiff's naming of nonsuable entities the same as the plaintiff in *Donald* naming an institutional defendant. While the complaint in *Donald* was allowed to proceed against the Sheriff's Department and an attorney entered an appearance, no summonses issued for Plaintiff's first two complaints, and Officers Zelid and Freeman could not have been "charge[d] with knowledge of the mistake." *King*, 201 F.3d at 914. Accordingly, Plaintiff's Second Amended Complaint does not relate back to his prior complaints under Rule 15(c)(1)(C). *Id.* at 201 F.3d at 914; *Baskin*, 138 F.3d at 704-05.

To the extent that this Court should look to Illinois law on relation back, Plaintiff fares no better. *See* Rule 15(c)(1)(A) (an amendment will relate back to the original pleading if "the law that provides the applicable statute of limitations (here Illinois) allows relation back."). Illinois' relation back provision, 735 ILCS 5/2-616, was amended in 2002 to allow a complaint to relate back only when the newly added party knew or should have known that he would have been named but for a mistake.

Illinois courts interpreting the amended statute have held that it was enacted to bring the section into line with the Federal Rules of Civil Procedure. *Pruitt v. Pervan*, 356 Ill.App.3d 32, 825 N.E.2d 299, 301-02 (Ill. App. Ct. 2005); *Compton v. Ubilluz*, 351 Ill.App.3d 223, 811 N.E.2d 1225, 1233 (Ill. App. Ct. 2004). Illinois courts have thus interpreted § 616(d) as prohibiting relation back when there was no mistake and only lack of knowledge about a defendant's identity. *See Hunt v. Dart*, 612 F. Supp.2d 969, 976 (April 30, 2009) (Cole, M.J.) (interpreting Illinois law); *Pruitt*, 825 N.E.2d at 302-03.

Accordingly, for the reasons stated above, Plaintiff's Second Amended Complaint does not relate back to the date he filed his earlier complaints.

Without relating back, the only other way that Plaintiff's Second Amended Complaint may be considered timely is if the limitations period in this case was equitably tolled. The state, rather than the federal, doctrine of equitable tolling governs cases where a federal court has borrowed and applies a state statute of limitations. *Foryoh v. Hannah-Porter*, 428 F. Supp.2d 816, 821 (N.D. Ill. April 18, 2006). In Illinois, equitable tolling may apply where a plaintiff "has, in some extraordinary way, been prevented from asserting h[is] rights in a timely manner; or the plaintiff asserted h[is] rights mistakenly in the wrong forum." *Id.* (quoting *Weatherly v. Illinois Human Rights Comm'n*, 338 Ill.App.3d 433, 788 N.E.2d 1175, 1180 (Ill. App. Ct. 2003). "[E]quitable tolling must be applied with caution," *Block v. Pepper Const. Co.*, 304 Ill.App.3d 809, 710 N.E.2d 85, 91 (Ill. App. Ct. 1999), and the Seventh Circuit has noted when applying Illinois' equitable tolling doctrine, that "[a]n essential element [of equitable tolling] is that the plaintiff have exercised due diligence." *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 595 (7th Cir.2001) (collecting cases); *see also Foryoh*, 428 F. Supp.2d at 821.

In Plaintiff's case, he initiated this suit in March 2009, approximately eight months before the end of the limitations period for his false arrest, false imprisonment, and illegal search claims and within

a month of the expiration of the limitations period for his malicious prosecution claim. Plaintiff complied with the Court's instructions in 2009 and filed an amended complaint naming a supervisory official. (*See* R. 5, 9.) Also, there were delays not attributable to Plaintiff of three months for service of the amended complaint on Police Superintendent Jody Weis and four months for an attorney to enter an appearance for Weis. However, the docket does not reveal that Plaintiff took steps during those times to either identify the officers or move the case forward. On May 27, 2010, over two months after counsel for Weis entered an appearance, the Court ordered Plaintiff to inform of his efforts to discover the officers' names. (R. 24.) Plaintiff submitted a motion to compel discovery responses along with a copy of interrogatories, which he indicated he forwarded to counsel for Weis on June 10, 2010. (R. 25.) Even after receiving a copy of his arrest records in July 2010, Plaintiff did not file his Second Amended Complaint identifying the officers by name until December 2010, nine months after an attorney entered an appearance for Weis. (*See* R. 32, 36, 38.)

Although Plaintiff filed his suit eight months prior the expiration of the limitations period (at least for the § 1983 claims), such was not enough time to identify the proper Defendants, and the circumstances of this case do not warrant equitable tolling. The same is true, and to a greater extent, for Plaintiff's state-law claim of malicious prosecution, which he filed less than a month of the expiration of the limitations period.

## CONCLUSION

For the reasons stated herein, the Defendants' motion to dismiss the Second Amended Complaint as time-barred is granted. This case is dismissed.

DATE: 8/22/11

ENTER: *Charles R. Norgle*
Charles R. Norgle
United States District Court Judge